IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA DAWSON, <br><br>    Plaintiff, <br><br> v. <br><br> HARRISON ROSS BYCK, ESQUIRE, P.C. <br><br>    Defendant. | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by an individual consumer against Defendant, Harrison Ross Byck, Esquire, P.C. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and other state law claims. The FDCPA laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Linda Dawson is an adult individual residing at 200 Ridge Avenue, Bayhead, NJ 08742.

5. Defendant Harrison Ross Byck, Esquire, P.C. is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 229 Plaza Boulevard #112, Suite 160, Morrisville, PA 19067. The principal purpose of Defendant is

the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired by Direct Merchants to collect a debt relating to a credit card account that was allegedly owed to Direct Merchants (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. In or around March 2009, Defendant began contacting Plaintiff at her place of employment to coerce payment of the debt. On multiple occasions, Defendant's representative disclosed the debt in a voicemail on a public answering machine shared by Plaintiff's co-workers.

9. Defendant also would contact Plaintiff at her home multiple times per day for several months thereafter.

10. Notwithstanding the above, on or about November 3, 2009, Defendant contacted Plaintiff at least three times to coerce payment of the debt, with the intent to annoy, abuse and harass. Defendant's representative first left a voicemail on the shared answering machine at her work disclosing the debt. When Plaintiff contacted Defendant in response to this voicemail, Defendant's representative falsely threatened that Defendant would take her social security checks if she did not pay immediately. During that conversation, Defendant's representative also accused Plaintiff of being a dishonest person and a liar. Defendant's representative further threatened that "dark days were coming" for Plaintiff if she did not pay immediately.

11. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with Plaintiff at an unusual time or place known or which should be known to be inconvenient to the Plaintiff.

12. Defendant acted in a false, deceptive, misleading, and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

13. Defendant acted in a false, deceptive, misleading and unfair manner by disclosing the debt to a person other than the debtor.

14. Defendant acted in a false, deceptive, misleading, and unfair manner by threatening to take action that could not legally be taken or was not intended to be taken.

15. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and

pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## COUNT I
## VIOLATIONS OF THE FDCPA

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

23. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(2), 1692(c)(a)(1), 1692d(5), 1692e(5), 1692e(10), and 1692f as evidenced by the following conduct:

    (a) Disclosing the debt to a person other than the debtor;

    (b) Communicating with Plaintiff at an unusual time or place known or which should be known to be inconvenient to the Plaintiff;

    (c) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (d) Falsely threatening to take action that cannot legally be taken and was not intended to be taken;

(a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II
## INVASION OF PRIVACY

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendant's conduct, including but not limited to calling Plaintiff at her workplace and disclosing the debt on a voicemail shared with Plaintiff's co-workers with the intent to annoy, abuse, or harass, constitutes an invasion of privacy.

28. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

29. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN
GREGORY J. GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: November 13, 2009